UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RACHAEL MARIE HAWLEY,

    Plaintiff,

v.                                                       Case No. 15-12497
                                                       Hon. Denise Page Hood

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## AND DISMISSING ACTION

This matter is before the Court on Magistrate Judge Anthony P. Patti's Report and Recommendation. **[Doc. No. 13, filed July 22, 2016]** Timely objections and a response to the objections were filed in this matter. **[Doc. Nos. 14 and 15]**

Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review

of an ALJ's decision is not a *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if it is supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons. Plaintiff objects to the Magistrate Judge's: (a) conclusion that the ALJ's assessment of Plaintiff's credibility was supported by the record; (b) finding that the ALJ's conclusion that Plaintiff's back injury was non-severe was supported by substantial evidence; and (c) determination that the ALJ's mental and physical RFCs were supported by substantial evidence. The Court first notes that Plaintiff's objections are essentially verbatim reiterations of her arguments presented in her summary judgment brief, an approach that is not appropriate or sufficient. *See, e.g., O'Connell v. Comm'r of Soc. Sec.*, 2016 WL 537771, at *1 (E.D. Mich. Feb. 11, 2016) (citing *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F.Supp.2d 32, 34 (D.P.R. 2004)).

As to the first objection stated above, Plaintiff offers a limited argument for one part of her challenge to the ALJ's credibility determinations — the finding by the ALJ that Plaintiff failed to follow treatment recommendations and the Magistrate Judge's conclusion that the ALJ's finding that Plaintiff failed to follow treatment recommendations was supported by the record. Plaintiff states:

> The Magistrate, however, held that the ALJ had "explicitly considered" the Plaintiff's ability to pay (based solely upon the above-quoted statement from the ALJ's opinion (Tr. 45), and went on to say that "Notably, Plaintiff did not testify to economic reasons for her various failures." (R&R 18). This fails to take into account that testimony at the hearing is not claimant-led, rather depends upon the questioning of the ALJ himself. The Plaintiff was not free to go off on a tangent, encompassing every problem, worry, symptom and issue she had been having. The Plaintiff did not testify to her inability to afford treatment because she was not asked about it.

Dkt. No. 14, PgID 1336. The preceding paragraph, quoted from Plaintiff's objections, is the only original argument set forth by Plaintiff in her objections. Following that paragraph, Plaintiff again restates, word for word, her arguments in her motion for summary judgment.

The Court is not persuaded by Plaintiff's argument. Although the ALJ did not ask Plaintiff to testify about any reasons she may have had for not following treatment recommendations, a claimant usually can be questioned by her attorney. In other words, a claimant's attorney can ask follow-up questions that would illuminate the reasons she did not follow treatment recommendations. The Court

notes that Plaintiff has not asserted that the ALJ foreclosed or forbid such questioning in this case—or that there was any other reasons she could not have offered such testimony. The Court further notes that Plaintiff offered no argument that would show how the Magistrate Judge erred in finding that substantial evidence supported: (1) the ALJ's other conclusions related to her credibility; or (2) the ALJ's determinations regarding her credibility as a whole. With respect to those conclusions, Plaintiff simply restated, word for word, the arguments she made in her motion for summary judgment.

As to the second and third objections set forth above, Plaintiff offers no argument how or why the Magistrate Judge erred in concluding that the ALJ's determinations were supported by substantial evidence. Plaintiff once again does nothing more than restate, word for word, the arguments she made in her motion for summary judgment. Plaintiff instead offers only conclusory statements that the Magistrate Judge erred in finding that the ALJ's assessments related to objections (b) and (c) were supported by the record and must be reversed.

For the reasons set forth above, the Court finds that the ALJ's decision, including but not limited to the determinations Plaintiff challenges in her objections, was supported by substantial evidence and was not based on any legally

erroneous determination.  Further, the Court accepts the Magistrate Judge's Report and Recommendation as this Court's findings of fact and conclusions of law.

For the reasons set forth above,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Anthony P. Patti **[Doc. No. 13, filed July 22, 2016]** is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Objections **[Doc. No. 14, filed August 5, 2016]** are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[Doc. No. 11, filed January 29, 2016]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment **[Doc. No. 12, filed February 29, 2016]** is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

                                           s/Denise Page Hood
                                           Denise Page Hood
                                           Chief Judge, United States District Court

Dated:  August 31, 2016

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 31, 2016, by electronic and/or ordinary mail.

                         s/LaShawn R. Saulsberry
                         Case Manager